**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BOWEN SIDWELL, #Y32048,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00207-NJR** |
| | ) | |
| **LANCE M. MERCHANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bowen Sidwell, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his removal from the Dixon Springs Impact Incarceration Program ("boot camp"). (Doc. 1). Plaintiff alleges he was terminated from boot camp as punishment for a staff assault that did not occur. (*Id*. at pp. 8-16). He seeks money damages and a reduction of his sentence or immediate release. (*Id*. at 6).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint (Doc. 1, pp. 8-16), Plaintiff makes the following allegations: Plaintiff was

removed from Dixon Springs Impact Incarceration Program ("boot camp") after an asthma attack prevented him from completing physical training on November 20, 2018. (*Id*. at p. 16). During the morning group run, Plaintiff was "overcome" with asthma and fell out of formation. (*Id*.) Officer Merchant tried to push him back in line, but he simply could not run. The officer then threatened to send Plaintiff to prison, and Plaintiff told him to do it. (*Id*.). In response, Officer Merchant threw Plaintiff down and slammed his head onto the ground until he lost consciousness. (*Id*. at pp. 11, 16). The officer scratched Plaintiff's neck and face in the process. (*Id*. at p. 16). Major Turner[1] then accused Plaintiff of a staff assault and placed him in handcuffs. (*Id*.). Plaintiff was transferred to Vienna Correctional Center ("Vienna"), where he was punished with five days of segregation before being found "not guilty" of the staff assault. He was nevertheless terminated from boot camp. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three Counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Defendant Merchant for using excessive force against Plaintiff on or around November 20, 2018. |
| **Count 2:** | Eighth Amendment claim against Defendant Merchant for denying Plaintiff medical treatment for asthma and injuries on November 20, 2018. |
| **Count 3:** | Fourteenth Amendment claim against Defendant Merchant for punishing Plaintiff with removal from Dixon Springs Impact Incarceration Program, transferring him to Vienna Correctional Center, and punishing him with segregation for a staff assault charge that was ultimately dropped. |

---

[1] Plaintiff did not list Major Turner as a defendant in the case caption, and Plaintiff brings no claims against the officer. Any claims against this individual should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

*Count 1*

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain on incarcerated persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes the unauthorized use of force by a state official against an inmate. *Hendrickson v. Cooper*, 589 F.3d 887, 889 (7th Cir. 2009). The "core requirement" of an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson*, 589 F.3d at 890 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). A prisoner need not suffer a serious injury to bring an Eighth Amendment claim. *Hendrickson*, 589 F.3d at 890; *Whitley*, 475 U.S. at 327. The allegations in the Complaint suggest that Officer Merchant may have used excessive force against Plaintiff on November 20, 2018, by throwing him down and slamming his head against the ground when he could not run in formation. Count 1 shall therefore receive further review against the officer.

*Count 2*

The denial of necessary medical care may also give rise to an Eighth Amendment claim. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). An inmate pursuing an Eighth Amendment claim must establish: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Id*. Here, Plaintiff fails to satisfy either requirement.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

With respect to the first element, Plaintiff describes asthma while running, a possible head injury, and scratches to his head and face. *Possible* injuries, however, do not support a *plausible* claim. Rule 8 of the Federal Rules of Civil Procedure calls for sufficient factual matter that, accepted as true, states a claim to relief that is *plausible* on its face. *See Twombly*, 550 U.S. at 555.

With respect to the second element, Plaintiff does not allege or suggest that Officer Merchant was aware of any serious injuries inflicted upon Plaintiff that necessitated medical treatment. The allegations thus support no deliberate indifference claim against this individual. Count 2 shall be dismissed without prejudice against Officer Merchant.

### Count 3

The Fourteenth Amendment protects against deprivations of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1. But inmates do not possess a liberty or property interest in their prison classifications or assignments. "States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Further, the allegations do not suggest that Officer Merchant—the only defendant named in the action—was involved in the decision to transfer Plaintiff to prison or punish him with segregation. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's challenge to the transfer and placement decisions support no claim against the officer. (Doc. 1, pp. 6, 8-16). His related request for immediate release or a sentence reduction do not belong in this action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (writ of habeas corpus is sole remedy for state inmate challenging fact or duration of confinement and seeking immediate or speedier release).

For the reasons stated above, Plaintiff's claim for money damages in Count 1 against Officer Merchant survives screening and shall receive further review. Counts 2 and 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's request for immediate release or a sentence reduction belongs in a separate habeas action filed in federal court, only after Plaintiff first exhausts his state court remedies. 28 U.S.C. § 2254.

### Disposition

**IT IS ORDERED** that **COUNT 1** against Defendant **LANCE M. MERCHANT** survives screening under 28 U.S.C. § 1915A. **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendant **LANCE M. MERCHANT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 25, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. Once the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**