IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOWEN SIDWELL,

    Plaintiff,

v.

LANCE MERCHANT,

    Defendant.

Case No. 19-cv-207-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for summary judgment (Docs. 14 and 15) filed by Lance Merchant. Merchant argues that Plaintiff Bowen Sidwell, an inmate of the Illinois Department of Corrections, failed to exhaust his administrative remedies prior to filing suit as required. Sidwell was provided with notice of the motion (Doc. 16) and had until September 30, 2019, to file a response. He failed to do so. The Court considers Sidwell's failure to respond an admission of the facts of Defendant's motion. SDIL Local Rule 7.1(c). *See also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (a failure to respond constitutes an admission that there are no undisputed material facts).

## BACKGROUND

On February 14, 2019, Sidwell filed his Complaint against Merchant for use of excessive force during an incident which occurred at the Dixon Springs Impact Incarceration Program on November 20, 2018 (Docs. 1 and 8). Sidwell filed three grievances related to the incident. On November 22, 2018, Sidwell filed an emergency

grievance regarding the use of force by Merchant (Doc. 1, pp. 8-9). The grievance was received by the Chief Administrative Officer ("CAO") on November 26, 2018, labeled an emergency, and forwarded to the grievance office (*Id.* at p. 8). On November 27, 2018, the grievance officer reviewed the grievance and informed Sidwell that the incident with Merchant was being referred to an outside source for investigation (*Id.* at p. 10). The grievance was deemed moot as it was being investigated. The CAO concurred with the determination, and the grievance was returned to Sidwell (*Id.*). There is no indication in the record that Sidwell appealed the grievance to the Administrative Review Board ("ARB") (*Id.*; Doc. 15-3; Doc. 15-4, p. 3).

On December 6, 2018, Sidwell filed another grievance about Merchant's use of force (Doc. 1, pp. 11-12). The grievance is dated November 28, 2018. On January 2, 2019, the counselor responded to the grievance, informing Sidwell that the issue was under investigation and he would be notified of the results. Connie Houston, the clinical services supervisor at Vienna Correctional Center ("Vienna") and the counselor who responded to Sidwell's grievance, testified in an affidavit that she was also directed by the ARB to write a note on the returned grievance, informing Sidwell that he needed to forward the grievance directly to the ARB (Doc. 15-5, p. 2). The note does not appear on the copy of the grievance submitted by Merchant, nor does it appear on the copy attached to Sidwell's Complaint (Doc. 15-1, p. 1-2; Doc. 1, pp. 11-13).

Sidwell's December 12, 2018 grievance relates to the disciplinary ticket he received for a staff assault while at Dixon (Doc. 1, pp. 14-15). The grievance does not identify Merchant or the use of excessive force.

## LEGAL STANDARDS

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Sidwell cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41(7th Cir.

2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. at 742.

**Illinois Exhaustion Requirements**

As an inmate confined within the Illinois Department of Corrections, Sidwell was required to follow the regulations contained in the Illinois Department of Corrections' Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. 20 Ill. Administrative Code §504.800 *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. 20 Ill. Admin. Code §504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the

> names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code §504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. 20 Ill. Admin. Code §504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. 20 Ill. Admin. Code §504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 Ill. Admin. Code §504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing. *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." 20 Ill. Admin. Code §504.850(a). The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 Ill. Admin. Code §504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the

appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 Ill. Admin. Code §504.850(e).

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 Ill. Admin. Code §504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 Ill. Admin. Code §504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 Ill. Admin. Code §504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 Ill. Admin. Code §504.850(f).

## ANALYSIS

Simply put, Court finds that Sidwell failed to exhaust his administrative remedies. Sidwell filed two grievances related to the incident with Merchant. His November 22, 2018 grievance was deemed an emergency and reviewed by the grievance officer but was ultimately deemed moot because the incident was referred to an outside investigator. Although Sidwell received the response from the grievance officer, the record demonstrates, and Sidwell does not dispute, that he failed to appeal the grievance to the

ARB. Similarly, Sidwell received a response to his November 28, 2018 grievance from his counselor but failed to appeal the grievance either to the grievance officer or the ARB.[1] Sidwell does not dispute that he failed to exhaust his grievances. *Pozo*, 286 F.3d at 1025 ("a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require"). Because Sidwell failed to fully exhaust his grievances by submitting them to the ARB, the Court finds that he failed to exhaust his administrative remedies as to his excessive force claim against Lance Merchant.

## Conclusion

For the reasons stated above, the Court **GRANTS** Lance Merchant's motion for summary judgment. Sidwell's Complaint is **DISMISSED without prejudice** for failure to exhaust his administrative remedies. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  January 31, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Although Connie Houston testified in her affidavit that she wrote a note to Sidwell, instructing him to submit the grievance directly to the ARB, the note is not attached to the grievances in the record. In any event, there is no evidence in the record to suggest that Sidwell submitted the grievance to either the ARB or the grievance officer.